## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TOMMY ANTHONY BOYD,

      Plaintiff,

      v.                                                          Case No. 08-C-1118

DR. THOMAS WILLIAMS, DR. WILLIAM KELLEY,
DR. SCOTT HOFTIEZER, DR. DAVID BURNETT,
and BETH DITTMANN,

      Defendants.

## DECISION AND ORDER

The plaintiff, Tommy Anthony Boyd, who is incarcerated at Dodge Correctional Institution (DCI), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). This matter now comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an

action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to, or the average monthly balance in, the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $42.66. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis.*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on

an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass*." Lindell v. McCallum,* 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded,"

- 3 -

Case 2:08-cv-01118-JPS   Filed 04/02/09   Page 3 of 9   Document 7

a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff submitted a sworn complaint using the court's § 1983 form complaint. He submitted five separate initial pages, each one containing the name of one of the defendants in the caption. In Section II of the complaint, the plaintiff explicitly names all five defendants: Dr. Thomas Williams, Dr. William Kelley, Dr. Scott Hoftiezer, Dr. David Burnett and Beth Dittmann.

According to the plaintiff's complaint, he began medical treatment in February 2007 for a problem with his left foot. He was arrested shortly thereafter, but he continued receiving treatment while housed at the Kenosha County Jail. Part of this treatment was the amputation of the plaintiff's fifth toe on his left foot. The plaintiff was treated at Aurora Healthcare on March 17, 2008, the day before he was sentenced, and received wound care instructions that were forwarded to the Wisconsin Department of Corrections when the plaintiff began serving his sentence.

The plaintiff avers in his complaint that the defendants ignored the recommendations, changed his wound care and started a "wet to dry treatment." (Complaint, Section IV(A)). Instead of healing, the size of the plaintiff's wound "got bigger." *Id.* The plaintiff avers that he begged the defendants to change his wound care back to the Aurora recommendations.

The plaintiff wrote a letter to Dr. Hoftiezer requesting a change in treatment, but the doctor "did nothing."[1] *Id.* In the letter, the plaintiff states that Dr. Williams wrote that ointment generally does not make a different, and the important factor was the shoe. The plaintiff also represents in the letter that he wrote to Beth Dittmann and David Burnett, asking them to review his case and change his treatment. According to the plaintiff's letter, the fourth toe on his left food was amputated on May 13, 2008, because it was infected, and the plaintiff's three remaining toes were also amputated a short time later.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

---

[1] The plaintiff attached a three page typed letter to his complaint. Apparently, this letter is the letter the plaintiff sent to Dr. Hoftizer, though it does not contain the name of the addressee, a signature or a date. The court will consider the letter as part of the plaintiff's statement of claim because exhibits are "a part of the pleading for all purposes." Fed.R.Civ.P. 10(c).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42). "Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

In the "relief you request" section of his complaint, the plaintiff avers that he wants to sue for "malpractice and neglect." (Complaint, Section V). However, in his letter attached to the complaint, he states that the defendants did not follow the prior treatment recommendation, despite the fact that his wound was getting worse. The plaintiff averred that his wound was a serious medical condition. He described the defendants' lack of treatment as "inhuman" which resulted in the amputation of all his toes. (Complaint, Exh. A at 3). The court will consider the facts set forth in the plaintiff's complaint and not the legal labels he assigns to his proposed claims. Construing the claims stated in the plaintiff's complaint, the court concludes that the plaintiff states an arguable claim under the Eighth Amendment.

Accordingly, the plaintiff may proceed on an Eighth Amendment claim against defendants Dr. Thomas Williams, Dr. Scott Hoftiezer, Dr. David Burnett and Beth Dittmann. The plaintiff's complaint (including its exhibit) contains no allegations regarding Dr. William Kelley. Therefore, Dr. Kelley will be dismissed as a defendant in this action.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. William Kelley be and hereby is **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Dr. Thomas Williams, Dr. Scott Hoftiezer, Dr. David Burnett and Beth Dittmann. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

- 7 -

Case 2:08-cv-01118-JPS     Filed 04/02/09     Page 7 of 9     Document 7

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $307.34 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge