# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMY ANTHONY BOYD,

        Plaintiff,

v.                                                               Case No. 08-CV-1118

DR. THOMAS WILLIAMS, DR. SCOTT HOFTIEZER,
DR. DAVID BURNETT, and BETH DITTMANN,

        Defendants.

## ORDER

The plaintiff, Tommy Anthony Boyd, who is incarcerated at Dodge Correctional Institution (DCI), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He was allowed to proceed on an Eighth Amendment claim against each of the defendants. This matter is now before the court on a number of motions filed by the parties.

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

The plaintiff filed a motion to amend his complaint on September 21, 2009; he complied with Civil Local Rule 15 and attached a proposed amended complaint to his motion. Leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, the court will grant the plaintiff's motion for leave to amend his complaint and screen the plaintiff's amended complaint. *See* 28 U.S.C. § 1915A.

Due to the court's resolution of the plaintiff's motion for leave to amend, the original defendants' motion for summary judgment will be denied without prejudice. The following motions also are rendered moot: (1) the plaintiff's motion for an extension of time to respond to the defendant's dispositive motion; (2) the plaintiff's motion seeking delay in ruling on summary judgment; and (3) the plaintiff's motion to strike the defendants' summary judgment brief in reply.

The court notes that the plaintiff argued that the defendants' reply materials should be stricken because the defendants did not ask for permission to file a reply brief. However, a motion is not necessary to file reply materials. Pursuant to Civil Local Rule 7.1(c) (E.D. Wis.), the summary judgment "movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief."[1]

## SCREENING PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, the plaintiff names several new defendants. It includes claims against Sharon Zunker, the Health Service Nursing Supervisor for the Wisconsin Department of Corrections (DOC), and Rick Raemisch, the Secretary of the DOC. The plaintiff specifically states that his claims against Zunker, and Raemisch arise out of their supervision of their employees. However, there is no

---

[1] This court's local rules were amended, effective January 26, 2010, but the court has quoted from the old rules, which apply to this motion. Under the new rules, this provision has been renumbered as Civil Local Rule 56(b)(3) (E.D. Wis.), and the time for filing a reply has been changed to 14 days.

2

supervisory liability under § 1983. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009). The complaint does not indicate that either of these defendants were personally involved in the plaintiff's medical treatment. Accordingly, they will be dismissed.[2]

The plaintiff also presents claims against Dr. Johnson at the Kenosha County Jail, who was mentioned in the plaintiff's original complaint but was not named as a defendant. According to the plaintiff, Dr. Johnson was deliberately indifferent to the plaintiff's foot infection during the plaintiff's five-day stay at the Kenosha County Jail in approximately February 2007. The plaintiff was arrested on Monday morning and, despite repeated and forceful requests, did not receive his prescribed antibiotics or see a jail doctor until Thursday. On Thursday, Dr. Johnson examined the plaintiff and wanted to change the plaintiff's antibiotics to penicillin. However, the plaintiff was taken to a foot specialist outside the jail the next day. From there, the plaintiff was taken to the hospital, and he was released from custody on bail before being returned to the jail. The plaintiff also requested that he be given the prescription medicine Dr. Johnson was holding for him because he did not have the funds or a written prescription to get it on his own. Dr. Johnson refused to allow the

---

[2] In his motion for leave to file an amended complaint, the plaintiff mentions a claim against Kenosha County Sheriff David Beth, but Sheriff Beth is not named as a defendant in the plaintiff's proposed amended complaint, and there are no allegations against him in the amended complaint. Even if the plaintiff had named Sheriff Beth and asserted a claim against him "based on his Supervisory Authority over all staff working in that facility," as he did in his motion, he would not be allowed to proceed on such a claim because there is no respondeat superior liability under 28 U.S.C. § 1983. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009).

3

plaintiff to take any of the medication with him and told the plaintiff that he was responsible for himself once he left the jail.

Based on these allegations, the plaintiff may proceed on a medical care claim against Dr. Johnson. It appears that the plaintiff was a pretrial detainee rather than a convicted prisoner while he was at the Kenosha County Jail. Thus, the plaintiff's medical care claim against Dr. Johnson may be under the Fourth and/or Fourteenth Amendments instead of the Eighth Amendment. Whether the plaintiff was arrested on a warrant and/or when he received a probable cause hearing regarding his arrest will dictate the correct standard. *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007); *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). Under any of the applicable standards, the plaintiff has stated a claim against Dr. Johnson.

The remainder of the plaintiff's claims arise out of the treatment he received while a prisoner of the Wisconsin Department of Corrections. Although the plaintiff's claims against Dr. Johnson are separated in time by over a year from the plaintiff's claims against the state defendants, they relate to the same medical condition regarding the plaintiff's left foot, and the plaintiff's entire medical history regarding his left foot will be a part of this action. Consequently, the court will exercise its discretion to allow the claims to be joined because questions of law and fact common to all of the defendants will arise in this action. Fed. R. Civ. P. 20(a)(2).

When the plaintiff arrived at Dodge Correctional Institution on March 22, 2008, the plaintiff's toe had been amputated and he had care instructions from Aurora

4

Healthcare for a small sore near the amputation site. The next day, the plaintiff saw Dr. Williams, who prescribed wet to dry treatment for the plaintiff's wound. The plaintiff told Dr. Williams and two John Doe nurses that Aurora Healthcare had stressed repeatedly not to get the foot wet. The wet to dry treatment continued anyway, and the plaintiff ultimately lost the remaining toes on his left foot. The court will allow the plaintiff to proceed on Eighth Amendment medical care claims against defendant Dr. Williams and defendants John Doe #1 and John Doe #2.

Additionally, Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999); *Shuster v. Altenberg*, 144 Wis.2d 223, 229, 424 N.W.2d 159, 161-62 (1988). At this time, the court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(e) and allow the plaintiff to proceed on state law medical malpractice claims against Dr. Williams, John Doe #1, and John Doe #2 regarding the use of the wet to dry treatment for the plaintiff's wound.

"If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous." *Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995).

5

Nevertheless, the plaintiff must use discovery to identify John Doe #1 and John Doe #2 and then move the court to substitute their names in the caption. Their identities should be available in the plaintiff's medical records or from a comparison of the plaintiff's treatment dates to the time records for nurses employed in the health services unit. The defendants are advised to cooperate with the plaintiff because it is the court's duty to assist the plaintiff if he is unable to identify the John Does on his own. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The plaintiff wrote letters to defendants Dr. Scott Hoftiezer, Dr. David Burnett, and Beth Dittmann regarding the treatment he was receiving, but they did not remedy the situation or change the treatment the plaintiff was receiving. In fact, Dr. Hoftiezer referred the matter back to Dr. Williams. In order "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 [7th Cir. 1995]). In order to be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* The Court of Appeals for the Seventh Circuit has held that "'[a] prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to take the needed action to investigate, and if necessary, to rectify the offending condition.'" *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) (quoting

6

*Vance v. Peters*, 97 F.3d 987, 993 [7th Cir. 1996]). The court will allow the plaintiff to proceed on Eighth Amendment claims against defendants Dr. Scott Hoftiezer, Dr. David Burnett, and Beth Dittmann for their failure to take action regarding the plaintiff's medical care despite letters he sent to them regarding his condition and treatment.

In summary, the plaintiff may proceed on the following claims: (1) a medical care claim against Dr. Johnson; (2) Eighth Amendment medical care and medical malpractice claims against defendants Dr. Williams, John Doe #1, and John Doe #2; and (3) Eighth Amendment claims against defendants Dr. Scott Hoftiezer, Dr. David Burnett, and Beth Dittmann. To the extent the plaintiff has set forth supervisory liability or failure to train claims against any of the remaining defendants, he will not be allowed to proceed on those claims. *See Iqbal*, 129 S. Ct. at 1948.

## EXHAUSTION

The court notes that there may be a disputed issue of fact regarding whether the plaintiff appealed the denial of his inmate complaint to the Corrections Complaint Examiner and a disputed issue of law regarding whether such an appeal was required. The defendants' motion for summary judgment contained a claim that the plaintiff failed to exhaust his administrative remedies prior to bringing this action because he did not appeal the dismissal of his offender complaint to the corrections complaint examiner (CCE). In response, the plaintiff argued that such an appeal is not necessary for medical complaints. Additionally, the plaintiff submitted an affidavit

7

authenticating an exhibit that appears to be a copy of an appeal to the CCE. In their reply materials, the defendants did not address the legal argument and simply asked the court to disregard the exhibit because it contained no date stamp indicating its submission to the CCE.

In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the United States Court of Appeals for the Seventh Circuit set forth the sequence to be followed in a case in which exhaustion is contested:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating only to exhaustion he deems appropriate; (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the plaintiff's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted administrative remedies.

Further, the court emphasized that in the ordinary case, discovery with respect to the merits should be deferred until the issue of exhaustion is resolved in order to achieve the statutory goal of sparing federal courts the burden of prisoner litigation unless and until a prisoner has exhausted his administrative remedies. *Id.*

8

When the state defendants file their answer to the plaintiff's amended complaint, they shall also file a letter with the court advising whether they wish to pursue their affirmative defense that the plaintiff failed to exhaust his administrative remedies so that the court may schedule the case accordingly.

## PLAINTIFF'S MOTION TO COMPEL

Finally, the plaintiff filed a motion to compel regarding the defendants' responses to his discovery requests. Primarily, the plaintiff argues that the defendants' responses were untimely and, therefore, all objections were waived. The plaintiff also makes arguments regarding the defendants' objections to particular discovery requests. The defendants insist their responses were timely. They also submit that their objections were appropriate.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a)

9

is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The plaintiff only arguably complied with Rule 37 and Civil L.R. 37. He attached to his brief a letter he wrote to the defendants on November 13, 2009. When he did not receive a response, the plaintiff prepared motion papers and signed them on November 28, 2009. This evidences an attempt to raise the issue with the defendants, but does not represent a good faith attempt to confer. Additionally, the plaintiff's motion does not contain the required certification.

The defendants' discovery responses were timely, based upon when they received the requests from the plaintiff. Thus, the plaintiff's argument that the defendants waived their right to object fails. Given the current posture of this case, the court will not address the substance of the plaintiff's arguments regarding the discovery. If this case once again reaches discovery on the merits, and the parties are unable to come to a resolution regarding their discovery disputes at that time, the plaintiff may raise these issues again.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend complaint (Docket #23) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket the proposed amended complaint attached to the plaintiff's motion to amend (Docket #23) as the "Amended Complaint."

10

**IT IS FURTHER ORDERED** that Sharon Zunker and Richard F. Raemisch be and the same are hereby **DISMISSED** as defendants to this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon defendant Dr. Johnson pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file an answer to the plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that the state defendants shall file a letter with the court on the same day that they file their answer to the plaintiff's amended complaint advising whether they wish to pursue their affirmative defense that the plaintiff failed to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #29) be and the same is hereby **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to respond to the dispositive motions submitted by the defendants (Docket #38) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion seeking delay in ruling on summary judgment (Docket #45) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike defendants' summary judgment brief in reply (Docket #50) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #42) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge